UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL R. FANNING, as CHIEF EXECUTIVE )
OFFICER OF THE CENTRAL PENSION FUND )
OF THE INTERNATIONAL UNION OF OPERATING )
ENGINEERS AND PARTICIPATING EMPLOYERS )
4115 Chesapeake Street, N.W., )
Washington, D.C. 20016, )
)
   and )
)
BOARD OF TRUSTEES OF THE INTERNATIONAL )
UNION OF OPERATING ENGINEERS AND PIPE )
LINE EMPLOYERS HEALTH AND WELFARE )
FUND )
1125 Seventeenth Street, N.W. )
Washington, D.C. 20036, )
)
   and )
)
BOARD OF TRUSTEES OF THE INTERNATIONAL )
UNION OF OPERATING ENGINEERS AND PLCA )
NATIONAL PIPELINE TRAINING FUND )
1125 Seventeenth Street, N.W. ) C O M P L A I N T
Washington, D.C. 20036, )
)
                    Plaintiffs, )
)
            v. )
)
INDIANHEAD PIPELINE SERVICES, LLC )
13167 County Highway 00 )
Chippewa Falls, Wisconsin 54729, )
)
      Serve: Registered Agent )
      James G. Rooney )
      13167 County Highway 00 )
      Chippewa Falls, Wisconsin 54729, )
)
                    Defendant. )

## COMPLAINT

### (TO COLLECT CONTRIBUTIONS AND DAMGES DUE TO EMPLOYEE BENEFIT FUNDS AND FOR EQUITABLE RELIEF)

Plaintiffs, pursuant to Federal Rule of Civil Procedure 8(a), hereby allege the following:

### PARTIES

1. Plaintiff, Michael R. Fanning, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("Central Pension Fund"). The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(1). The Central Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

2. Plaintiff, Board of Trustees of the International Union of Operating Engineers and Pipe Line Employers Health and Welfare Fund ("Health and Welfare Fund") administers an employee benefit plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3). The Health and Welfare Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Health and Welfare Fund was established

and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Health and Welfare Fund transacts its business at 1125 Seventeenth Street, N.W., Washington, D.C. 20036. The individual members of the Board of Trustees are designated fiduciaries in accordance with the Health and Welfare Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

3. Plaintiff, Board of Trustees of the International Union of Operating Engineers and PLCA National Pipeline Training Fund ("National Training Fund") is") administers an employee benefit plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3). The National Training Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The National Training Fund was established and is maintained in accordance with its Agreement and Declaration of Trust. The National Training Fund transacts its business at 1125 Seventeenth Street, N.W., Washington, D.C. 20036. The individual members of the Board of Trustees are designated fiduciaries in accordance with the National Training Fund's Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

4. Defendant Indianhead Pipeline Services, LLC is a Wisconsin corporation and has a place of business at 13167 County Highway OO, in Chippewa Falls, Wisconsin, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001a.

## JURISDICTION AND VENUE

5. This is an action to collect contributions and related amounts due to employee benefit plans under the terms of a collective bargaining agreement and for additional equitable relief. This Court has subject matter jurisdiction of this action under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. § § 1132(a)(3), (g) and 1145.

6. This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

7. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

8. Defendant has been bound to and signatory at all relevant times to the National Pipe Line Agreement with the International Union of Operating Engineers and Pre-Job Conference Reports that govern the wages, benefits and terms and conditions of employment of covered employees such as apprentices and journeymen performing work covered by the Agreement and Reports (collectively referred to as Collective Bargaining Agreement).

9. Pursuant to the Collective Bargaining Agreement, Defendant agreed to report, furnish payroll records, and pay to the Plaintiffs certain sums of money for each hour worked by employees of the Defendant performing work covered by the Collective Bargaining Agreement as defined in Article I, and who perform work in the covered classifications as set forth in Appendix A.

10. For the period of January 2016 through the present Defendant employed employees performing work under the Collective Bargaining Agreement in various jurisdictions of International Union of Operating Engineers Local Unions.

11. During this period of time Defendant failed to report and pay to the Plaintiffs all of the contributions owed under the Collective Bargaining Agreement.

12. Pursuant to the Collective Bargaining Agreement and Plaintiffs' Restated Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for liquidated damages.

13. Pursuant to the Collective Bargaining Agreement and Plaintiffs' Restated Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for interest.

14. Pursuant to the Collective Bargaining Agreement and Plaintiffs' Restated Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for all costs, attorneys' fees and audit fees.

## COUNT I

### (UNPAID CONTRIBUTIONS AND DAMAGES OWED TO EMPLOYEE BENEFIT FUNDS)

15. Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 14 as if fully set forth in this Count I.

16. The Defendant has failed to report and pay all contributions owed to the Plaintiffs as required by the Collective Bargaining Agreement. The amount due is unknown for the months of January 2017 to the present.

17. By virtue of the failure to report and pay contributions as contractually required, the Defendant is in contravention of the Collective Bargaining Agreement and the

obligations under the Plaintiffs' Restated Agreements and Declarations of Trust, and Section 515 of ERISA.

18. Defendant has failed to pay liquidated damages and interest for late and unpaid contributions owed to the Plaintiffs.

19. The Plaintiffs are entitled to judgment for all contributions owed, plus all unpaid liquidated damages and interest owed on late and unpaid contributions, plus costs and attorneys' fees to the date of judgment.

20. Plaintiffs will seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages, attorneys' fees and costs which become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

## COUNT II

### (AUDIT)

21. Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 20 as if fully set forth in this Count II.

22. An audit of the Defendant's records from January 2016 to the present will permit the Plaintiffs to determine whether the Defendant properly is reporting the number of employees working under the Collective Bargaining Agreement, the correct number of hours worked by the employees and the amount owed to the Plaintiffs.

23. Under the terms of the Restated Agreements and Declarations of Trust, Plaintiffs are entitled to conduct an audit of Defendant's payroll records at the Defendant's expense.

**WHEREFORE,** Plaintiffs pray judgment for Counts I and II against Defendant as follows:

A. For a Court Order requiring Defendant to submit all payroll books and records to Plaintiff for audit at the Defendant's cost for the period of January 2016 through and including the date of judgment.

B. For unpaid contributions due and owing to the Plaintiffs in the amount determined owing pursuant to the audit for the period of January 2016 to the present.

C. For any and all liquidated damages and interest owed to the Plaintiffs which become due up to the date of judgment plus costs, audit and reasonable attorneys' fees pursuant to the Collective Bargaining Agreement, Restated Agreements and Declarations of Trust and 29 U.S.C. § 1132(g)(2).

D. Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: August 7, 2017     By: _____
R. Richard Hopp (Bar No. 432221)
**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
Telephone: (202) 362-0041
Facsimile: (202) 327-1200
rhopp@odonoghuelaw.com

*Attorney for the Plaintiffs*